**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | * |
| | * |
| v. | Case No.: GJH-16-451 |
| | * |
| **GUILLERMO BARAHONA-MEJIA,** | |
| | * |
| Defendant. | |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Defendant Guillermo Barahona-Mejia, who is 40 years of age, is currently serving a sentence of 67 months of incarceration at FCI Morgantown in West Virginia after pleading guilty to (1) Money Laundering Conspiracy, in violation of 18 U.S.C. § 1956(h), and (2) Distribution of a Controlled Substance, in violation of 21 U.S.C. § 841. ECF Nos. 153, 173. Pending before the Court is Mr. Barahona-Mejia's Emergency Motion for Order Modifying Judgment to Allow Remainder of Sentence to be Served on Home Confinement Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF Nos. 233, 237. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons that follow, Mr. Baharona-Mejia's Motion is denied.

**I.  BACKGROUND**

On November 9, 2017, Mr. Baharona-Mejia pleaded guilty to (1) Money Laundering Conspiracy, in violation of 18 U.S.C. § 1956(h), and (2) Distribution of a Controlled Substance, in violation of 21 U.S.C. § 841. ECF No. 153. Attached to the plea agreement was a statement of stipulated facts describing the conduct supporting Mr. Baharona-Mejia's plea of guilty. ECF No. 153-1.

1

The stipulation states that, on at least twenty specified occasions, Mr. Baharona-Mejia delivered drug trafficking proceeds to a co-conspirator, or his or her associates, with the intent that the co-conspirator would conduct financial transactions with those proceeds by transferring said proceeds through the use of interstate and foreign wires to a location outside the United States. *Id*. at 1. In total, he delivered at least $610,525 to the co-conspirator, or his or her associates. *Id*. at 2. In addition, Mr. Baharona-Mejia also distributed cocaine to his co-conspirator. *Id*. On March 23, 2017, a search warrant at Mr. Baharona-Mejia's home revealed a semi-automatic handgun, a considerable number of rounds of ammunition, including hollow-point ammunition, a rifle scope, body armor, and other related contraband. *Id.*

Defendant's sentencing hearing was held on February 21, 2018. ECF No. 171. Based on an offense level of 27 and Defendant's criminal history score placing him in criminal history category I, the Court determined that Defendant's advisory sentencing guidelines range was 70 to 87 months. ECF No. 174 at 1. The Court sentenced Defendant to a total of 67 months incarceration; consisting of 67 months on each count to run concurrent to each other. ECF No. 173 at 2. The Court additionally imposed a three-year term of supervised release. ECF No. 173 at 3.

On August 10, 2020, Defendant filed a one-page *pro-se* Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), citing his vulnerability to COVID-19 due to several medical conditions. ECF No. 233. On December 18, 2020, counsel for Defendant filed an Emergency Motion for an Order Modifying Judgment to Allow Remainder of Sentence to be Served on Home Confinement Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 237. The Government filed an Opposition on February 5, 2021. ECF No. 239.[1]

---

[1] Defendant's Motion and the Government's Opposition were filed under seal with accompanying Motions to Seal, which are granted. ECF No. 236, 238.

## II. DISCUSSION

Asserting that he is at serious risk of becoming severely ill from COVID-19 due to his preexisting medical conditions, Mr. Baharona-Mejia moves for a reduction in his sentence for "extraordinary and compelling reasons" pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 237. The Court reviews the framework applicable to Defendant's request before assessing whether Defendant has satisfied its requirements.

### A. Governing Provisions

Recently modified by Section 603(b) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5238 (2018), 18 U.S.C. § 3582(c) bars courts from modifying terms of imprisonment once imposed unless certain conditions are met. *See United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020). In relevant part, § 3582(c)(1)(A) provides that:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that–
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1).

A complementary provision, 28 U.S.C. § 994(t), provides that the U.S. Sentencing Commission, "in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered

3

extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *See United States v. Decator*, No. CCB-95-0202, 2020 WL 1676219, at *2 (D. Md. Apr. 6, 2020). The Commission has provided this description at § 1B1.13 of the U.S. Sentencing Guidelines, which states in relevant part that:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that–
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction; . . .
>
> . . . .
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

Application Note 1 to § 1B1.13 further details the Commission's understanding of "extraordinary and compelling reasons," which includes if a defendant has been diagnosed with a terminal illness or other serious physical or medical condition, is above the age of 65 and is in deteriorating health due to aging, has experienced certain extenuating family circumstances, or if "[o]ther [r]easons" arise that have been "determined by the Director of the Bureau of Prisons" to be "extraordinary and compelling reason[s] other than, or in combination with, the reasons described" in the Policy Statement. U.S.S.G. § 1B1.13 cmt. n.1(D). The Bureau of Prisons ("BOP") has offered its determination in a Program Statement numbered 5050.50 and titled

"Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)."[2]

Judges in this district and elsewhere have found, however, that § 1B1.13 and its Application Note are inconsistent with the First Step Act. As Judge Chuang of this Court recently explained in *United States v. Mel*, while § 1B1.13 "identifies certain specific scenarios under which a sentence reduction could be warranted, it nevertheless permits a reduction based only on meeting the broad category of 'extraordinary and compelling reasons'" as determined by BOP. No. TDC-18-0571, 2020 WL 2041674, at *3 (D. Md. Apr. 28, 2020) (citing U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(D)). Judge Chuang reasoned, however, that "[s]ince the First Step Act changes the law to allow a compassionate release reduction to be granted by the Court without input from the BOP, the pre-First Step Act references in the policy statement to determinations by the BOP are outdated and not binding." *Id.* Similarly, in *United States v. Decator*, Judge Blake held that "[w]hile Sentencing Commission and BOP criteria remain helpful guidance, the amended § 3582(c)(1)(A)(i) vests courts with independent discretion to determine whether there are 'extraordinary and compelling reasons' to reduce a sentence." 2020 WL 1676219 at *2 (reaching this conclusion after a careful review of the relevant provisions and recent case law).

This Court recently found that these analyses are persuasive and therefore adopted the same conclusions. *See United States v. Lazarte*, No. GJH-16-296, 2020 WL 3791977, at *3 (D. Md. July 7, 2020). Accordingly, the Court's consideration of sentence reduction motions follows the three steps established by § 3582(c)(1)(A) as modified by the First Step Act. First, assuming the defendant has exhausted administrative remedies, the Court considers whether a reduction is

---

[2] The Program Statement, issued January 17, 2019, is available at
https://www.bop.gov/policy/progstat/5050_050_EN.pdf (last visited July 28, 2020).

5

warranted for extraordinary and compelling reasons, the meaning of which is a matter of the Court's "independent discretion." *Decator*, 2020 WL 1676219, at *2.

Next, the Court assesses whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The applicable Policy Statement remains § 1B1.13, despite its partial nullification as a result of the First Step Act. Accordingly, pursuant to the Policy Statement, the Court must find that "[e]xtraordinary and compelling reasons warrant the reduction;"[3] that "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and that "[t]he reduction is consistent with [the Sentencing Commission's] policy statement." U.S.S.G. § 1B1.13. Finally, § 3582(c)(1)(A) provides that after considering the Policy Statement, the Court must "consider[] the factors set forth in section 3553(a) to the extent that they are applicable."

### B. Exhaustion of Administrative Remedies

As noted previously, § 3582(c)(1)(A) requires a defendant seeking a modification of a term of imprisonment "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, Defendant filed a request for compassionate release with the Warden and his request was denied. ECF Nos. 239-1, 239-2. Therefore, he has exhausted his administrative rights.

---

[3] A provision of the Policy Statement not at issue here, § 1B1.13(1)(B), provides an alternative to finding extraordinary and compelling reasons under § 1B1.13(1)(A) for Defendants who are at least 70 years old and have served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c).

## C. Extraordinary and Compelling Reasons

The Court next considers whether Mr. Baharona-Mejia has sufficiently demonstrated extraordinary and compelling reasons warranting a reduction of his sentence. Mr. Baharona-Mejia, who is only 40 years old, asserts that he suffers from congenital heart disease, aortic stenosis, and the presence of latent tuberculosis. ECF No. 237 at 1. The website for the Center for Disease Control ("CDC") places certain underlying medical conditions into two categories; in the first category, an adult with the identified condition has an "increased risk of severe illness from the virus that causes COVID-19," and in the latter, an adult with the condition "*might be* at an increased risk for severe illness from the virus that causes COVID-19." *People with Certain Medical Conditions*, Centers for Disease Control and Prevention (Feb. 22, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (emphasis added). The first list includes "heart conditions, such as heart failure, coronary artery disease or cardiomyopathies." *Id*. Congenital heart disease is not specified, and a study published in the Journal of the American Heart Association demonstrated that patients with congenital heart disease, Defendant's condition, were not at increased risk for poor outcomes related to COVID-19. *Low risk of COVID-19 infection found among people with congenital heart disease*, American Heart Association Newsroom (Oct. 14, 2020), https://newsroom.heart.org/news/low-risk-of-covid-19-infection-found-among-people-with-congenital-heart-disease. Additionally, while *severe* aortic stenosis can be a risk factor for COVID-19, Jasimuddin Ahamed, *Severe aortic stenosis patient risk during the COVID-19 pandemic*, National Center for Biotechnology Information (Sept. 14, 2020), https://www.ncbi.n1m.nih.gov/pmc/articles/PMC7490908/, there is no indication in Defendant's

medical records that his case is severe. Finally, latent turberculosis is not identified as a risk factor.

Thus, while all inmates have sadly borne an increased risk of contracting COVID-19 due to the very nature of incarceration, Mr. Baharona-Mejia's specific circumstances do not provide extraordinary and compelling reasons warranting a sentence reduction.

### D. Additional Considerations

Even if Defendant had demonstrated extraordinary and compelling reasons for release, the Court would next consider whether release is appropriate under the Sentencing Commission's Policy Statement at § 1B1.13 and the 18 U.S.C. § 3553(a) sentencing factors.

As noted previously, the Policy Statement directs that, to proceed with a sentence reduction, the Court must find that "[e]xtraordinary and compelling reasons warrant the reduction;" that "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and that "[t]he reduction is consistent with [the Sentencing Commission's] policy statement." U.S.S.G. § 1B1.13. To determine whether a defendant is a danger under § 3142(g), courts consider the (1) "nature and circumstances of the offense charged"; (2) "weight of the evidence against the person"; (3) "history and characteristics of the person"; and (4) "nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

With respect to the sentencing factors, § 3553(a)(1), "the nature and circumstances of the offense and the history and characteristics of the defendant," and § 3553(a)(2), "the need for the sentence imposed" to further several purposes, are relevant in weighing compassionate release motions. *See United States v. Williams*, No. 19-cr-284-PWG, 2020 WL 3447757, at *5 (D. Md. June 24, 2020). The purposes listed in § 3553(a)(2) include "(A) to reflect the seriousness of the

offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

After considering the § 3553(a) factors, the Court concludes that compassionate release is not appropriate and that Defendant is a danger to the community. Mr. Barahona-Mejia's contribution to a criminal narcotics organization through the laundering of drug proceeds was significant, although that activity, by itself, would not compel this Court's decision. The Court's more serious concern is the arsenal found in Defendant's apartment. It included, but was not limited to, a firearm, hundreds of rounds of ammunition, a rifle scope, and body armor. Combined with his involvement in drug trafficking activity, his possession of these items continues to greatly trouble the Court. The Court determined at sentencing that a 67-month sentence was necessary to serve the purposes of sentencing, including the protection of the public, and that remains the Court's view today.

### III.   CONCLUSION

For the foregoing reasons, Defendant's Emergency Motion for Order Modifying Judgment to Allow Remainder of Sentence to be Served on Home Confinement Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), ECF Nos., 233, 237, is **DENIED**.

Date: <u>March 5, 2021</u>                              <u>      /s/                                           </u>
                                                                      GEORGE J. HAZEL
                                                                      United States District Judge